UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MITCHELL DEWAYNE MOSS,**

    Plaintiff,

v.

    **Case No. 2:21-cv-13066**
    **Hon. Terrence G. Berg**

**GENESEE COUNTY JAIL**
**MEDICAL DEPARTMENT,**

    Defendant.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

This is a *pro se* prisoner civil rights case filed under 42 U.S.C. § 1983. Plaintiff, Mitchell Dewayne Moss, is incarcerated at the Genesee County Jail. Moss sues the "Genesee County Jail Medical Department," claiming that they failed to provide him with his heart medication for an eight-day period in August 2021. The Court will summarily dismiss the complaint because the named Defendant is not an entity capable of being sued under § 1983.

### I. Standard of Decision

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence. Under the Prison

Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an in *forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## II. Complaint

Moss claims that from August 10th through August 18th of 2021, he was not provided with his prescribed heart medication while an inmate at the Genesee County Jail. He states he made every nurse aware of the problem, but he was told the medication was unavailable because the jail was "in the process of a medical change." ECF No. 1, PageID.4. The complaint suggests that Moss is now receiving his medication. With

2

respect to injuries, the complaint states, "By me not receiving my heart medication it put my heart rate at an abnormal rate." *Id.*, PageID.7.

### III. Discussion

Section 1983 imposes liability on any "person" who violates an individual's federal constitutional or statutory rights. Although the named defendant is the Genesee County Jail Medical Department, it is well-settled under Michigan law that county jails and sheriff's departments are not legal entities amenable to suit under 42 U.S.C. § 1983. *Vine v. Cty. of Ingham*, 884 F. Supp. 1153, 1158 (W.D. Mich. 1995)(citations omitted); *see also Petty v. County of Franklin, Ohio, et al.*, 478 F.3d 341, 347 (6th Cir. 2007), abrogation on other grounds recognized by *Bailey v. City of Ann Arbor*, 860 F.3d 382, 389 (6th Cir. 2017)(county sheriff's department is not a "person" subject to liability under § 1983). Construing the complaint liberally, however, the Court will assume that Moss intended to sue Genesee County.

Local governmental entities, like Genesee County, cannot be held liable under section 1983 solely for the acts of their agents; the agents are accountable under that statute for their own conduct. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (holding that "a municipality

3

cannot be held liable [under section 1983] solely because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory"). Moss does not name any individual employees of the jail as party Defendants; he would need to do so in order to state a claim.

For Moss to state a claim against the county itself, he must point to an official policy, custom, or practice as the source of the constitutional violation. *Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005). And he must allege facts that show a causal connection between the policy and the injury. *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997); *Heyerman v. Cty. of Calhoun*, 680 F.3d 642, 648 (6th Cir. 2012). The complaint, even liberally construed, does not assert that an official policy, custom, or practice was the source of a constitutional violation. The complaint is therefore subject to summary dismissal.

## IV. Conclusion

Accordingly, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c), the Court will summarily dismiss the complaint with prejudice.

**IT IS SO ORDERED**.

Dated: January 31, 2022     s/Terrence G. Berg
                            TERRENCE G. BERG
                            UNITED STATES DISTRICT JUDGE